against the village of North Tonawanda. No opinion. Judgment and order affirmed, with costs.

In re LYMAN. In re FUHRMAN. (Supreme Court, Appellate Division, First Department. November 25, 1898.) In the matter of Henry H. Lyman. In the matter of Fuhrman. No opinion. Motion denied, with $10 costs. See 54 N. Y. Supp. 294.

LYON v. BROWN. (Supreme Court, Appellate Division, First Department. November 11, 1898.) Action by James E. Lyon against Mary Brown. No opinion. Motion denied, with $10 costs. See 52 N. Y. Supp. 531, and 54 N. Y. Supp. 315.

McDONALD, Appellant, v. NEW YORK CENT. & H. R. R. CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. December 9, 1898.) Action by Edward A. McDonald, as administrator, etc., against the New York Central & Hudson River Railroad Company. No opinion. Judgment affirmed, with costs.

McDONOUGH, Respondent, v. NASSAU ELECTRIC R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. December 6, 1898.) Action by Bridget McDonough against the Nassau Electric Railroad Company. No opinion. Judgment and order unanimously affirmed, with costs.

McGAHEY, Respondent, v. NASSAU ELECTRIC R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. December 13, 1898.) Action by William McGahey against the Nassau Electric Railroad Company. No opinion. Order affirmed, with $10 costs and disbursements.

McKERCHAR, Respondent, v. HAWLEY SALT CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. December 9, 1898.) Action by Annie McKerchar against the Hawley Salt Company. No opinion. Order affirmed, with costs.

McKIM v. NEW YORK EL. RY. CO. (Supreme Court, Appellate Division, First Department. November 25, 1898.) Action by Harriet R. McKim against the New York Elevated Railway Company. No opinion. Motion denied, with $10 costs.

McLEAN AIR–PUMP & MACHINE CO., Respondent, v. PETERS et al., Appellants. (Supreme Court, Appellate Term. January 23, 1899.) Action by McLean Air-Pump & Machine Company against William K. Peters and another. Edward Goldschmidt, for appellants. Everett D. Barlow, for respondent.

BEEKMAN, P. J. We think that the plain meaning of the written agreement upon which suit is brought is that the payment of the minimum royalty of $25 a month was not to commence until the patent had been actually issued. Prior to that time the defendants were bound to pay only a percentage upon sales actually made. The agreement with respect to the pay-

ment of the minimum royalty, as it is called, is, in terms, conditioned upon the manufacture and sale by the defendants of the patented article after the issuing of the patent. Nor is there any occasion for an effort to put any other construction upon the instrument, as the stipulation in question was a reasonable one, inasmuch as the granting of the patent tended to increase the commercial value of the invention, and therefore a larger measure of return from it might legitimately be expected. The court below therefore erred in holding that such minimum royalties were payable from the date of the contract between the parties. The judgment in favor of the plaintiff must, therefore, be reversed. Judgment reversed and a new trial ordered, with costs to the appellants to abide the event.

MAHAR, Plaintiff, v. COMPTON, Defendant. (Supreme Court, Appellate Division, Fourth Department. December 9, 1898.) Action by John Mahar against James Compton. No opinion. Motion for a new trial on exceptions denied, and judgment ordered for the defendant, with costs. See 45 N. Y. Supp. 1126.

MARKS et al., Respondents, v. PENNSYLVANIA FIRE INS. CO. OF PHILADELPHIA et al., Appellants. (City Court of New York, General Term. January 18, 1899.) Action by Harry Marks and another against the Pennsylvania Fire Insurance Company of Philadelphia, and four other actions against different defendants. Edgar J. Nathan, for appellants. Mitchell L. Erlanger, for respondents.

PER CURIAM. Reargument ordered at January general term.

MARONEY, Appellant, v. LEHIGH VAL. R. CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. December 9, 1898.) Action by Mary L. Maroney, as administratrix, etc., against the Lehigh Valley Railroad Company. No opinion. Appeal dismissed, with costs to the respondent.

MARSHALL, Respondent, v. CITY OF BUFFALO, Appellant. (Supreme Court, Appellate Division, Fourth Department. December 9, 1898.) Action by Conrad Marshall against the city of Buffalo. No opinion. Judgment and order affirmed, with costs.

In re MASHBIR. (Supreme Court, Appellate Division, First Department. December 9, 1898.) In the matter of Eleazer Mashbir. No opinion. Application granted. See 45 N. Y. Supp. 1144.

In re MEAYS. (Supreme Court, Appellate Division, Fourth Department. December 9, 1898.) In the matter of the application of Barton C. Meays, as receiver of the property of Andrew Cramer, judgment debtor. No opinion. Order reversed, with $10 costs and disbursements. Held, that the county judge had no power to determine, upon motion, the rights of Mrs. Carpenter in the rents and profits of the real estate.

MERRITT, Respondent, v. MERRITT et al., Appellants. (Supreme Court, Appellate Division, Second Department. December 6, 1898.) Ac-

tion by Daniel E. Merritt against Henrietta Merritt and others. No opinion. Order affirmed on argument, with $10 costs and disbursements.

MOORE et al., Respondents, v. STANTON, Appellant. (Supreme Court, Appellate Division, Fourth Department. December 9, 1898.) Action by Frank Moore and others against Kate Stanton. No opinion. Judgment and order affirmed, with costs.

MORAL, Respondent, v. WILSON, Appellant. (City Court of New York, General Term. January 18, 1899.) Action by Bernhard Moral against Maude A. Wilson. Robert L. Turk, for appellant. Leventritt & Brennan, for respondent.

O'DWYER, J. After a careful examination of the record, we are of opinion that the order appealed from should be reversed, and the motion to open the default granted, upon condition that the defendant pay the costs of the action heretofore taxed, and inserted in the judgment roll, unless within 10 days the plaintiff stipulate to reduce the amount of his recovery herein to the amount of the value of the chattels as found at the trial, and assessing the damages for the detention at six cents, and costs and expenses of the action. in which event the order appealed from is affirmed, without costs.

MOSS, Respondent, v. LINDBLOM, Appellant. (Supreme Court, Appellate Division, First Department. December 23, 1898.) Action by Joseph L. Moss, Jr., against Robert Lindblom. L. A. Gould, for appellant. S. Baker, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

NATIONAL WALL–PAPER CO. v. SIRE. (Supreme Court, Appellate Division, First Department. December 9. 1898.) Action by the National Wall-Paper Company. against Meyer L. Sire. No opinion. Motion granted on payment of $50.

NERESHEIMER et al., Respondents, v. SMYTHE et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. December 9, 1898.) Action by E. August Neresheimer and others against Thomas A. Smythe and others. No opinion. Interlocutory judgment affirmed, with costs.

NEW YORK, L. & W. R. CO., Respondent, v. ERIE R. CO. et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. December 9, 1898.) Action by the New York, Lackawanna & Western Railroad Company against the Erie Railroad Company and others. No opinion. Motion granted. See 52 N. Y. Supp. 318.

NEW YORK SECURITY & TRUST CO. v. SARATOGA GAS & ELECTRIC LIGHT CO. (Supreme Court, Appellate Division, Third Department. December 8, 1898.) Action by the New York Security & Trust Company against the Saratoga Gas & Electric Light Company.

PER CURIAM. Motion for allowance of appeal granted, and the following question certified:

"Under and by virtue of the operation of the mortgage given by the Saratoga Gas & Electric Light Company, has the mortgagee, or the receiver appointed in the foreclosure action, an equitable lien, prior to the right of the receiver in the sequestration action, upon the debts and accounts due to the corporation upon sales by it of products of its plant produced after the giving of the mortgage, and before the appointment of either receiver?" See 51 N. Y. Supp. 749.

NILES, Appellant, v. NEW YORK CENT. & H. R. R. CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. December 9, 1898.) Action by Adaline Niles, as administratrix, etc., against the New York Central & Hudson River Railroad Company. No opinion. Judgment and order affirmed, with costs, on the opinion of GREEN, J., in same case. 14 App. Div. 58, 43 N. Y. Supp. 751.

OAKES, Respondent, v. OAKES et al., Appellants. (Supreme Court, Appellate Division, First Department. November 25, 1898.) Action by Lewella C. Oakes against Francis J. Oakes and others. G. W. Stephens, for appellants. B. F. Spellman, for respondent. No opinion. Judgment affirmed, with costs, and with leave to defendants to withdraw demurrer, and answer, on payment of costs in this court and in the court below.

O'BRIEN, Appellant, v. NEW YORK CENT. & H. R. R. Co., Respondent. (Supreme Court, Appellate Division, Fourth Department. December 9, 1898.) Action by Henry J. O'Brien against the New York Central & Hudson River Railroad Company. No opinion. Judgment and order reversed, and a new trial ordered, with costs to the appellant to abide the event.

O'CONNELL, Respondent, v. BEECHER et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. December 9, 1898.) Action by John O'Connell against Luke A. Beecher, W. B. Hoxter, and others. No opinion. Judgment affirmed, with costs. See 47 N. Y. Supp. 334.

O'FLAHERTY, Respondent, v. NASSAU ELECTRIC R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. December 13, 1898.) Action by Rose T. O'Flaherty against the Nassau Electric Railroad Company. No opinion. Motion for leave to appeal to the court of appeals denied. Proceedings on judgment stayed for 10 days. See 54 N. Y. Supp. 96.

ONEIDA COUNTY BANK, Respondent, v. LEWIS et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. December 9, 1898.) Action by the Oneida County Bank against Philip E. Lewis and others. No opinion. The complaint in this action is amended by substituting the word "I" for "we" in the note as set out therein, and the judgment is affirmed, with costs. See 51 N. Y. Supp. 826.